JAMES ELLIOTT, Appellant v. RALPH ELLIOTT and MARGARET ELLIOTT.

**Replevin:** EVIDENCE OF OWNERSHIP. In replevin of cattle the evidence is reviewed and held sufficient to show plaintiff's ownership in one of the animals.

*Appeal from Taylor District Court.*— HON. H. M. TOWNER, Judge.

SATURDAY, FEBRUARY 15, 1908.

ACTION in replevin for one roan cow, one red cow, two heifers, and two calves.   At the close of plaintiff's evidence the petition was dismisssed, and he appeals.— *Reversed.*

*M. R. Brant* and *William M. Jackson,* for appellant.

*McCoun & Burrell,* for appellees.

LADD, C. J.— The petition was dismissed for that, as was thought, the evidence adduced by plaintiff did not show that he was owner of any of the cattle in controversy.   The plaintiff, who was 79 years of age, lived with his son Ralph, the defendant, on his (the father's) farm.   As milk was needed in the family he directed Ralph to keep a lookout for a cow, and the latter learned when attending a school

meeting that Dennis had one for sale, and said to him
that he wished to buy. Plaintiff testified: " I went over
to Mr. Dennis' a year ago last spring the first Monday in
March. The cow had just come in fresh. I asked Mr.
Dennis about it, and he said he would sell it for $30 cash;
could not take it away then. The calf was one or two hours
old. Went over, he and I, next morning, and I paid Mr.
Dennis $30 in cash, and the defendant and I drove. the
cow and calf home." He testified further that he was the
owner of the property, and that Ralph did not buy it, and
reiterated on cross-examination that he had bought and
paid the price, that he had never sold, and that it was under-
stood that defendants were to have the butter and milk from
the cows for their keeping. Dennis testified that after the
meeting mentioned plaintiff and defendant stopped at his
place to see the cow, but as it was back in the timber where
it had dropped a calf shortly before plaintiff remained at
the house while defendant and Dennis went to look at
her. On the way back Ralph said, " Since this cow has
had a calf, you wouldn't change the price on me, would
you ? " to which Dennis answered that if " he wanted her
he might have her at the same price." " Q. When you went
back to the barn, was the bargain closed ? A. As we were
going up he told me he would take the cow, and they said
they would come and get her the next morning. Q. Which
one said they would come and get her ? A. They both said
it. I don't recollect which one. Q. Did they come back
the next morning ? A. Some time the next forenoon. I
don't remember the time it was. Q. The plaintiff was pres-
ent during the deal, and took part, so far as he was able,
in the conversation had in regard to this cow ? A. Do you
mean Ralph Elliott ? Q. I mean James Elliott, the plain-
tiff, and Ralph Elliott, the defendant, were both present
and both talked and understood it. A. Yes, sir. Q. At
the time the cow was sold, who paid for the cow ? A. The
next morning when they came back I was out to the barn,

and they looked the cow over. The calf was up all right, and Ralph Elliott says to his father, ' Pay this fellow for the cow, and let's be going,' and Mr. James Elliott paid me for the cow."

This was all the evidence bearing on the ownership of this cow, and, as we think, clearly indicates the purchaser to have been the plaintiff. The issue is not to be determined as though Dennis were a party, but as between plaintiff and the defendant. The son had looked up the cow as directed. Doubtless because of the infirmities of old age the father allowed him to go into the field and examine the animal while he remained at the house; but, according to Dennis, upon their return he participated in making the bargain, returned with his son the next day, and paid the purchase price. If the son spoke to Dennis as though he were buying, this was not in the presence of plaintiff, who, as is fairly to be inferred from the record, supposed he was purchasing the cow, and the son must have so understood it, and, in view of their relationship and the authority given to the son, cannot be regarded as sufficient alone to raise an issue as to whether the father in paying for the animal became its owner. The court erred in deciding otherwise. As to the roan cow, much of plaintiff's evidence on cross-examination, though in the nature of conclusions, was inconsistent with his claim of title, and as to her and her increase we might not be inclined to disturb the court's finding.

The judgment is *reversed*.